## No. 11,619.

### THE STATE vs. JIM DEFEE ET ALS.

The member of a *posse* that expends three days in a search for the accused, extended to another parish, manifests a laudable zeal for his apprehension, but such service in our view disqualifies that member from serving on the jury to try the accused.

APPEAL from the Third Judicial District Court, Parish of Union. *Barksdale, J.*

13

State vs. Defee et als.

*M. J. Cunningham*, Attorney General, and *James D. Everett*, District Attorney, for Plaintiff and Appellee.

———

*G. H. Ellis & L. E. Thomas* for W. L. Tisdale on trial, Defendant and Appellant.

———

The opinion of the court was delivered by

MILLER, J.   The defendant, W. L. Tisdale, convicted and sentenced for manslaughter, takes this appeal, relying on a number of bills of exception.

Our view, with respect to one of these bills, disposes of the case.

One of the jurors empaneled on the trial was one of the *posse* that searched for the accused.   That search, with the view to the arrest, was prosecuted for three days and extended to a parish beyond that in which the killing occurred.   It was participated in by citizens and members of the coroner's jury, and from whom the juror, to use his own language, heard all about the case.   The character of this *posse*, the earnestness exhibited by it in the protracted and extended search, the conversation of the juror with the members of the coroner's jury, the bearing of which on the question of the guilt of the accused may well be inferred, all suggest the unfitness of a member of that *posse* to serve on the petit jury.   A trial of the prisoner by the sheriff and the *posse* arresting him would certainly strike the mind, to say the least, as not consistent with the impartial jury guaranteed the accused in criminal prosecutions.   The empaneling of one of the *posse* on the petit jury was to that extent an abridgment of the prisoner's right to a fair trial.   True, we have the rather scant expression of the juror on his *voir dire;* he thought he could try the case on the law and evidence.   We think his relation to the subject disqualified him from making the attempt, and the peremptory challenge of the prisoner should have been sustained.   It is to be borne in mind the prisoner exhausted all his peremptory challenges.   Those who take an active part in bringing the prisoner to justice should not have imposed on them the other function of trying the accused in whose apprehension they have exhibited a zeal inevitably calculated to incapacitate them from giving him a fair trial.

Reluctant as we are to reverse a verdict for error in empaneling the jury, we feel constrained in this case to direct a new trial.

It is therefore ordered, adjudged and decreed that the sentence of the defendant be reversed, and that the case be remanded and he be held for another trial before a proper jury.

Rehearing refused.